```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

ABDUL WASEY KHALIQ, et al.    *

       Plaintiffs         *

     vs.                 * CIVIL ACTION NO. MJG-06-2301

DRAPER & GOLDBERG, PLLC, et al.*

       Defendants         *

*     *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendants' Motion to Dismiss Complaint [Paper 6] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiffs, Virginia citizens residing in Springfield, Virginia, sue Defendants, a Virginia professional limited liability company and a Virginia lawyer based in Leesburg, Virginia for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Plaintiffs claim that Defendants committed the alleged wrongful acts in September of 2005 with regard to the mortgage on their Virginia residence. The instant case appears to have no realistic connection to Maryland, the state in which Plaintiff's counsel's office is located.

Defendants raise issues with regard to alleged defects in the service of process, the possible liability of the individual

Defendant and venue and also claim that there is a case pending in Virginia involving "similar if no identical allegations and parties." Pl. Mem. in Supp. of Mo. at the third from last page.[1]

Plaintiffs suggest that, if the case were subject to dismissal, the Court should transfer the case to the "Northern District of Virginia." There being no such district, the Court understands Plaintiffs to seek a transfer to the Eastern District of Virginia.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district court is vested with great discretion in determining whether to grant a transfer under § 1404. Quinn v. Bowmar Publ'g Co., 445 F. Supp. 780, 787 (D. Md. 1978).

It is perfectly obvious that if this case were not dismissed, it would be transferred. The transferee court should be the forum to decide the issue presented, particularly those requiring the exercise of discretion with regard to service of process matters.

For the foregoing reasons:

    1.    Defendants' Motion to Dismiss Complaint [Paper 6] is DENIED WITHOUT PREJUDICE.

---

[1] Document lacks page numbers.

2. This case shall, by separate Order, be transferred to the Eastern District of Virginia

SO ORDERED, on **Tuesday, March 20, 2007**.

                                            / s /
                                  Marvin J. Garbis
                        United States District Judge